44507. KOPPERS COMPANY, INC. v. PARKS et al.

ARGUED JUNE 4, 1969—DECIDED OCTOBER 28, 1969.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen, Arthur Gregory,* for appellant.

*Robert E. Bach, Sutherland, Asbill & Brennan, D. R. Cumming, Jr., J. D. Fleming, Jr.,* for appellees.

JORDAN, Presiding Judge. ■ Section 14 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-114 (a)) insofar as relevant to the case here involved is identical to Rule 14 (a) of the Federal Rules of Civil Procedure. It allows a defendant, as a third-party plaintiff, to bring into the action a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him."

In general we note that the federal rule is liberally construed to avoid delay and a multiplicity of actions where the third-party complaint is based on the same subject matter as the original complaint, although not in a way which transcends the limits of federal jurisdiction. See Baltimore & Ohio R. Co. v. Saunders (CCA 4), 159 F2d 481. It is procedural only, and neither creates nor abridges the substantive rights of a litigant. American Zinc Co. of Illinois v. H. H. Hall Construction Co., 21 FRD 190. Even though the original action be one ex contractu it is permissible to add a third-party defendant who may be liable ex delicto to the original defendant, if the third-party complaint is based on the same subject matter. See Fruit Growers Cooperative v. California Pie &c. Co., 2 FRD 415, involving an original action for the balance due on a shipment of cherries, and a third-party complaint alleging the shipment arrived in damaged condition on account of the carriers' negligence, which, although decided before a change in the rule eliminated a third-party defendant solely liable to the plaintiff, is not restricted to this aspect of the former federal rule.

In O'Steen v. Lockheed Aircraft Corp., (ND-Ga.), 294 FSupp. 409, the court, in considering Rule 14 and Georgia law, noted that the third-party complaint there involved merely supplied the plaintiff with a defendant, who, having discharged its liability for injury for an employee under the Workmen's Compensation Law of Georgia, could not be liable again in tort, and that, in addition, "the tender of a substitute defendant would seem to be prohibited by Rule 14 itself, which now prohibits

third-party complaints where the liability of the proposed third-party defendant, if any, runs only to the original plaintiff" instead of the original defendant. In a like situation this court relied on the O'Steen case. See *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 800 (165 SE2d 587). This was followed in *Worrill v. Pitney-Bowes, Inc.*, 119 Ga. App. 258 (167 SE2d 236) which cites the *Central of Ga.* case as authority for the proposition that "[o]nly one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like."

Cases such as the above, where the original defendant, as a third-party plaintiff, is attempting merely to provide the plaintiff with another or substitute defendant, without disclosing any legal basis of liability to the third-party plaintiff, so as to come within the rule itself, which specifically provides that the third-party complaint must show that the third-party defendant "is or may be liable to" the third-party plaintiff, i.e., the original defendant, "for all or part of the plaintiff's claim against" the third-party plaintiff, are inapposite to the present case.

Further, we note that while the court in O'Steen viewed the application of the rule in terms of liability in cases in indemnity, subrogation, contribution, or warranty, this does not necessarily exclude other situations, as was recognized in the Worrill case, supra, by the expression "and the like," and a leading authority refers to liability "whether by way of indemnity, subrogation, contribution, express or implied warranty, or otherwise." 1A Barron & Holtzoff, Federal Practice & Procedure (1960 Rules Edition) p. 664, § 426. As stated in 6 Cyclopedia of Federal Procedure (1966 Revision) p. 79, § 17.09, and supported by numerous citations, "[t]he third-party defendant, to be impleadable, must be impleaded on the basis of liability wholly or in part to the third-party plaintiff by way of contribution, indemnity, or *otherwise*, for the claim made against the third-party plaintiff." Also, see p. 80 et seq., § 17.10. In 3 Moore's Federal Practice (2d Ed.), p. 554, Par. 14.10, it is stated, and supported by numerous citations, that "[t]here must, of course, be some showing that under the applicable law the

third party *may* be liable to the defendant. However, the allegations of the third-party complaint need not show that recovery is a certainty; the complaint should be allowed to stand if, under some construction of the facts which might be adduced at trial, recovery would be possible."

■ We think the real issue in the present case is whether the third-party complaint "otherwise" states a claim against the third-party defendant by the third-party plaintiff. The liberalized notice requirements of Rule 8 (a) (CPA § 8 (a) ; *Code Ann.* § 81A-108) specifically include third-party complaints. Accordingly, also keeping in mind the requirements of Rule 14, supra, we think the complaint is adequate if sufficient facts are alleged which upon proper proof would allow recovery by the third-party plaintiff from the third-party defendant under the applicable substantive tort law in force in this State where, as here, the subject matter is the same as that involved in the original action.

■ *Code* § 105-106 as amended (Ga. L. 1968, pp. 1166, 1167) purportedly limits the right of tort action based on the violation of a duty, itself the consequence of a contract, to a party or privy, except in "cases where the party would have had a right of action for the injury done, independently of the contract" or in cases covered by § 109A-2—318 of the Uniform Commercial Code extending the benefit of express or implied warranties to certain natural persons without regard to privity. The third-party plaintiff is a corporation, and accordingly we eliminate any claim based on express or implied warranty, leaving for consideration the issue of whether the third-party plaintiff states a claim for injury done tortiously and independently of any contractual relationship, express or implied.

■ *Code* § 105-103 recognizes the common law right of action upon the accrual of damage, though no action be given in express terms, when the law requires one to do an act for another, or to forbear the doing of something which may injure another. In *Eades v. Spencer-Adams Paint Co.*, 82 Ga. App. 123, 129 (60 SE2d 543) the court stated that the law of this State would "allow recovery on the part of a consumer or user of a product, if through a failure to exercise ordinary care on the part of a

manufacturer or someone not in privity with the user the product is imperfect, defective, or not as represented when placed on the market, and damage to the consumer or user is proximately caused thereby." A fortiori, the manufacturer or someone not in privity with the consumer or user would incur the same liability if damage is proximately caused by wilful or wrongful acts or omissions. Regardless of whatever other losses Piedmont incurred, it is alleged that Piedmont expended $4,631.96 to restore its premises to a safe condition, and implicit from this pleading is the conclusion that Piedmont expended this amount to comply with its legal duty to maintain its premises in a safe condition after being rendered unsafe by reason of the acts or omissions of Koppers.

■ In view of the foregoing we think the allegations of the third-party claim are sufficient to allow proof for jury consideration of a claim by Piedmont against Koppers for losses proximately caused by the wilful or negligent acts of Koppers, and under these circumstances the court did not err in refusing the relief sought by the third-party defendant.

*Judgment affirmed. Hall and Whitman, JJ., concur.*