45121. SOUTHERN CONCRETE COMPANY et al. v.
CARTER CONSTRUCTION COMPANY, INC. et al.

EBERHARDT, Judge. Southern Pre-Cast Company sued Carter Construction Company on an open account for a balance alleged to be owing for concrete pre-cast slabs delivered to a construction job at Georgia Tech. Carter answered, denying the debt, and filed third-party claims against Southern Concrete Company and against Southern Concrete Products Company, as the parent corporation, owning all stock of Southern Concrete Company, alleging that the contract for purchase of the slabs had been made by Carter with Southern Concrete Company and that it had, without Carter's knowledge, assigned the contract to Southern Pre-Cast Company, and that Southern Pre-Cast Company had delivered defective slabs which could not and did not meet specifications required by the contract, that it had been necessary for Carter to replace the faulty slabs and that this had resulted in a substantial loss to it. Carter sought damages against both Southern Concrete Company and Southern Pre-Cast Company. Southern Concrete and Southern Concrete Products separately moved to dismiss the third-party claims, and also filed motions for severance or for separate trials of the issues made in the claims filed against them.

From orders overruling the motions to dismiss the third-party claims and denial of the motion for severance, Southern Concrete Company and Southern Concrete Products Company appeal, having obtained a statutory certificate for review of the orders. *Held:*

1. The contention that the motions to dismiss filed by the third-party defendants came too late in that they were filed several months after the filing of answers and only four days before the case was to be reached on the trial docket is without merit. It is true that failure to file some defenses at or before the time of pleading will result in a waiver under *Code Ann.* § 81A-112 (h), but it is specifically provided that a defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under § 81A-107 (a), or by motion for judgment on the pleadings, *or at the trial on the merits.*" (Emphasis supplied). Professor Moore asserts that this, and the other excepted defenses, "are so basic that they may be made even at the trial

stage." 2A Moore's Federal Practice, (2d Ed.) § 12.05, p. 2241. He also points out that these defenses (failure to state a claim; failure to join an indispensable party; and failure to state a legal defense) "are not waived, but may be made by a later pleadings, if one is permitted, or by a motion for judgment on the pleadings, or at the trial." Id., § 12.23, p. 2455. The motion may even be made orally at the trial. Schneider v. O'Neal, (E. D. Ark.), 145 FSupp. 120. We do not overlook the provision of *Code Ann.* § 81A-112 (b) that "every defense, in law or fact, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted. . ." It is certainly proper and preferable that this defense be filed along with or as a part of the answer, but, as we have already observed, subsection (h) of this same section specifically permits the motion to be filed even at the time of trial.

2. (a) "It is a well-established rule that a party to a contract cannot relieve himself of the obligations which the contract imposed upon him merely by assigning the contract to a third person. But the other party to the contract may expressly agree to accept the responsibility of the assignee in the stead and place of that of the assignor, making a new contract by way of novation." 6 AmJur2d 293, Assignments, § 110; and see to the same effect 6 CJS 1073, Assignments, § 25. The obligor in a contract "cannot by any act of his own, or by any act in agreement with any other person than his creditor or the one to whom his performance is due, cast off his own liability and substitute another's liability. If this were not true, obligors could free themselves of their obligations by the simple expedient of assigning them. A further ground for the rule is that not only is a party entitled to know to whom he must look for the satisfaction of his rights under the contract, but, in the familiar words of Lord Denman in Humble v. Hunter, 12 Q. B. 317 [116 EngRep 887], 'You have a right to the benefit you contemplate from the character, credit, and substance of the person with whom you contract.' For these reasons it has been uniformly held that a man cannot assign his liabilities under a contract, but one who is bound so as to bear an unescapable liability may delegate the performance of his obligation to another, if the liability be of such a nature

that its performance by another will be substantially the same thing as performance by the promisor himself. In such circumstances, the performance of the third party is the act of the promisor, who remains liable under the contract and answerable in damages if the performance be not in strict fulfillment of the contract." Crane Ice Cream Co. v. Terminal Freezing & Heating Co., 147 Md. 588, 598 (128 A 280, 39 ALR 1184). And see 3 Williston on Contracts, §§ 411, 412, 418, 420, 421.

(b) We think the third-party claims here fall within the ruling made in *Koppers Co. v. Parks*, 120 Ga. App. 551 (171 SE2d 639) and, accordingly, the orders denying the motions to dismiss are affirmed.

3. Under *Code Ann.* § 81A-142 (b) the court has a broad discretion in the matter of granting a motion for severance of a third-party claim, a counterclaim or a crossclaim for trial separately from that on the main issue, and that discretion will not be interfered with unless it appears to have been abused. See 5 Moore's Federal Practice (2d Ed.) § 42.03. We do not view the claim of possible confusion or of prejudice in trying the whole matter here before a jury to be meritorious. The claims are not complicated, nor are the parties too numerous to enable the jury to "keep the record straight" as the evidence is introduced. The evidence in support of and in opposition to all issues likely will be substantially the same, and a trial of them together will accomplish a purpose for which the third-party practice was intended.

*Judgments affirmed. Jordan, P. J., and Pannell, J., concur.*

Argued March 3, 1970—Decided March 16, 1970—
Rehearing denied April 1, 1970—

*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellants.
*Stack & O'Brien, Donald E. O'Brien, Edgar A. Neely, III,* for appellees.