46119.   MATHEWS v. McCONNELL et al.

SUBMITTED APRIL 7, 1971—DECIDED OCTOBER 4, 1971.

*Ferrin Y. Mathews,* for appellant.

*Roland P. Smith,* for appellees.

QUILLIAN, Judge. "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." *Code Ann.* § 81A-114 (a) (Ga. L. 1966, pp. 609, 627; 1969, p. 979). As pointed out in 2 Kooman, Federal Civil Practice, 214, § 14.02: "The absolute requirement of every third-party proceeding is that its purpose must be to impose upon the third-party defendant a liability for part or all of the liability asserted by the original plaintiff against the third-party plaintiff. A third-party action may be maintained only against one who is secondarily liable to the original defendant for part or all of the original plaintiff's claim. When a recovery by the plaintiff against the defendant would necessarily be followed by recovery for the defendant against the third-party defendant, then a third-party action is proper." 3 Moore, Federal Practice, 502, § 14.04, sets out that impleader is not permissible unless the conditions of Section 14 of the Federal Rules of Civil Procedure (identical in content to our *Code Ann.* § 81A-114) are met; "it is not a device for bringing into an action any controversy which may happen to have some relationship with it." Under the federal rule a defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant (but not to tender the third party as a substitute defendant). 3 Moore, Federal Practice 512, § 14.07; 605, § 14.15.

In one of the first Georgia cases construing the statute it was held: "Only a person who is secondarily liable to the original defendant may be brought in as a third-party defendant—as in cases of indemnity, subrogation, contribution or warranty." *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 801 (165 SE2d 587). See *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236). In *Bill Heard Chevrolet Co. v. G. M. A. C.,* 120 Ga. App. 328, 330 (170 SE2d 454), this court cited with approval the Colorado court's holding (314 P2d 903) that: "Rule 14 (a) does not permit nor

does it grant discretion to the court to implead when there are separate and independent controversies between the defendant and his desired third-party defendant."

In *Koppers Co. v. Parks,* 120 Ga. App. 551 (171 SE2d 639), this court recognized that the theory of secondary liability included not only indemnity, subrogation, contribution and warranty but also like claims. In such holding the court gave effect to the language "or otherwise." See *Southern Concrete Co. v. Carter Constr. Co.,* 121 Ga. App. 573 (174 SE2d 447). This view has found comprehensive expression in *Ins. Co. of North America v. Atlas &c. Co.,* 121 Ga. App. 1, 4 (172 SE2d 632): "The rule permits the impleading of a third party who is secondarily liable over to the defendant for all or part of plaintiff's recovery, whether by indemnity, subrogation, contribution, express or implied warranty, or otherwise. [Citations omitted.] Where a single group or aggregate of operative facts is involved, impleader should be allowed despite a difference in the legal nature of the claims of the various parties." In the *Koppers* case, 120 Ga. App. 551, supra, third-party complaints were held to fall within the liberalized notice requirements of *Code Ann.* § 81A-108 (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). It was held that a third-party complaint is adequate if sufficient facts are alleged which upon proper proof would allow recovery by the third-party plaintiff from the third-party defendant where the subject matter of the third-party complaint is the same as that involved in the original action.

In this case the defendant's answer set out that the materials and labor for which recovery was sought in the main complaint were used in the construction of the residence of the third-party defendant. The third-party complaint prayed that any judgment found in the original suit against the defendant/third-party plaintiff be paid by the third-party defendant. Nothing otherwise contained in the third-party complaint could be construed to show that such third-party complaint involved the same subject matter or that the defendant is attempting to pass on to the third-party defendant all or part of the liability asserted against the defendant. Instead the third-party plaintiff is seeking affirmative relief in what appears to be a separate and independent controversy between himself and the third-party defendant. While recognizing

the soundness of the rule expressed in *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260), here the third-party plaintiff would not be entitled to prevail under the facts alleged or any state of facts which could be proved in support of the third-party claim and hence there is no legal basis for recovery. See *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874). See also *S. M. & M. Realty Corp. v. Highlands Ins. Co.,* 123 Ga. App. 170 (179 SE2d 781). In such circumstances, the trial judge erred in overruling the motion to dismiss the third-party complaint.

The judgment must be reversed, but with direction that the third-party plaintiff be allowed 30 days in which to amend the third-party complaint to show a legal basis, if any, to sustain such complaint. See 3 Moore 957, § 15.10; Britton v. Atlantic C. L. R. Co., 303 F2d 274.

*Judgment reversed with direction. Jordan, P. J., and Evans, J., concur.*