46577.   MARTIN MANAGEMENT CORPORATION v. FARNER.

ARGUED SEPTEMBER 9, 1971—DECIDED OCTOBER 5, 1971.

Huie & Harland, Harry L. Cashin, Jr., Terrill A. Parker, for appellant.

Claude E. Hambrick, for appellee.

DEEN, Judge. ■ The trial court properly denied the defendant's motion to join Metro as a party defendant under *Code Ann.* § 81A-113 (h) for the purpose of proving a setoff in the sum of approximately $17,000 which was admittedly due the defendant by Metro because of its failure to repurchase contracts assigned by it to the defendant after default or refusal to pay on the part of the merchants. *Code Ann.* § 81A-113 refers to counterclaims against *opposing parties* and cross claims against *co-parties* to the lawsuit. Nor could the defendant bring in a third party under *Code Ann.* § 81A-114 without showing that such third party "is or may be liable to him for all or part of the plaintiff's claim against him." See *Southern R. Co. v. Ins. Co. of N. A.*, 228 Ga. 23. This is because the defendant's position was not that there was a liability over to it by Metro on the debentures, but that it desired to offset the debenture debt against another debt which Metro owed it and to obtain a judgment against Metro. Ordinarily a plaintiff has the right to choose whom he will sue, and a defendant has no right to bring in other parties plaintiff or defendant without express statutory authority. *Armour Car Lines v. Summerour*, 5 Ga. App. 619, 622 (63 SE 667).

■ (a) The crucial question in this case is whether there is suffi-

cient evidence in the record to authorize a jury verdict to the effect that Farner as an individual was a holder in due course of the debentures assigned to him by his wholly owned corporation, Metro Greeting Service, Inc., that is, whether he took the paper for value, in good faith, and without notice of any defense against it by another. *Code Ann.* § 109A-3—302. An instrument is assigned for value when the assignee takes it in payment or as security for an antecedent claim against any person, whether or not the claim is due. *Code Ann.* § 109A-3—303 (b). Farner testified that the greeting service owed him a large sum which he had invested in the business, that the debentures were assigned to him as payment or security for this debt, and that after making the assignment he paid off some corporate obligations and placed some money to Metro's account which was used to pay salaries. There was sufficient evidence to show that the assignment was for value.

■ It is further contended that the assignment was not in good faith but constituted a transfer of assets of an insolvent corporation for the purpose of preferring Farner as a creditor. The evidence here is that at least some weeks prior to the transfer things were not going well with the corporation and that very shortly thereafter Farner fired the manager and closed out the business, as a result of which services were discontinued and the merchants who had signed contract notes with the company ceased payment, and that this resulted in a debt from Metro to Martin of some $17,000 which it would have had to expend to repurchase the contract notes under the terms of its master agreement. While this raises a jury issue on the good faith of Farner, it does not demand a finding that Metro was insolvent at the time of the transfer. The question of good faith is peculiarly one for the triors of fact.

■ Was the defendant entitled to set off against its admitted liability on the debentures the debt owing to it by Metro because Farner, as president and sole owner of the corporation who had personally carried on all or most of its business with Martin and who had signed the original agreement obligating the corporation to repurchase contract notes in default, necessarily had knowledge of the antecedent claim and was for this reason not a holder in due course? "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of

establishing that he or some person under whom he claims is in all respects a holder in due course." *Code Ann.* § 109A-3—307 (3), and see *Pitillo v. Demetry,* 112 Ga. App. 643 (145 SE2d 792). As between the parties themselves any mutual demands existing at the time of the commencement of the suit may be set off. *Code* § 20-1302. "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung." *Code* § 20-1305. This is construed to mean that, even as to one not a holder in due course, setoff is a defense only as to those equities existing between the original parties which *grew out of the same transaction. Srochi v. Kamensky,* 118 Ga. App. 182 (5) (162 SE2d 889). Thus, the fact that Farner knew of Martin's claim against Metro, whether or not it had matured at the time of the assignment, would constitute a defense only if the debentures are a part of the same transaction as the indebtedness on the contract notes. The plaintiff by introducing the debentures in evidence, established that they recited they were given "for value," and that the prospectus contained a representation by the defendant that they would be issued only for cash. This is prima facie evidence of value. The debentures are not referred to in any way in the agreement between Metro and Martin Finance Co. The defendant Martin Management Company was not a party to that contract and there is no indication that Metro demanded or received any consideration from the assignment of the contract to the defendant. The defendant alleged in its answer that Metro accepted the debentures in lieu of receiving cash for payment for notes transferred to Martin, but there is no evidence supporting this allegation. Therefore, since prima facie the debentures were issued for value and transferred to the plaintiff in payment of an antecedent debt, and since the record contains no evidence at all in support of the defendant's allegation that the claims of Metro and Martin Management against each other grew out of the same transaction, the verdict in favor of the plaintiff was proper.

■ The defendant further urges the defense of payment. Interest checks were for some time issued to Metro. When the business ceased they were issued to "Metropolitan Greeting Service, Inc.

and/or Martin Finance Company," were sent to Martin Finance and cashed by the latter and the payment deducted from the amount owing by Metro to Martin Management. Farner testified that he had notified the defendant of the debenture assignment, which was denied, but in any event it is clear that neither the plaintiff nor his assignor knew anything of this book transaction on the part of Martin Management and its subsidiary. The jury was authorized to find against the defense of payment.

■ Alleged errors in the court's instructions not objected to at the time will not be considered by this court. *Bryant v. Chasteen,* 121 Ga. App. 446 (174 SE2d 192).

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*