46764, 46765.   BURT v. LONG et al. (two cases).

HALL, Presiding Judge. In a suit on a note, the third-party defendant appeals from the denial of his motions to dismiss and for judgment on the pleadings. His basic contention is that he has been tendered as a substitute defendant under the third-party plaintiff's pleadings.

The confusion results because both in his answer to the main complaint and in his third-party complaint, the defendant alleges an oral transaction among all the parties here involving payment on the note. This is offered as a defense to the main action. However, if this defense is rejected to the suit on the note, the same transaction (if proved) would make third-party defendant liable to defendant for any judgment against him. *Code Ann.* § 81A-114 (a); *Koppers Co. v. Parks,* 120 Ga. App. 551 (171 SE2d 639).

The case of *S. M. & M. Realty Corp. v. Highlands Ins. Co.,* 123 Ga. App. 170 (179 SE2d 781) is distinguishable. There the third-party defendant was the assignor of the plaintiff so that, in effect, the allegations of the defense and third-party complaint were asserted against the same person. There is no such relationship between the respective parties here. Also distinguishable is *Mathews v. McConnell,* 124 Ga. App. 519 (184 SE2d 491). In that case, the allegations of the third-party complaint did not involve the same subject matter as the original action.

If the third-party defendant is not retained in this action and plaintiff receives a judgment, the evidence of the transaction will have to be reduplicated in another lawsuit. The purpose of third-party practice is to avoid this very result. See 3 Moore's Federal Practice 503, § 14.05[1].

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED JANUARY 7, 1972—DECIDED JANUARY 27, 1972.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.

*Custer, Smith & Manning, Donald D. Smith, George W. Carreker,* for appellees.