47217. SMITH, KLINE & FRENCH LABORATORIES v. JUST et al.

644

Submitted May 24, 1972—Decided June 13, 1972—
Rehearing denied July 11, 1972—

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr.,*
for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,*
for appellees.

CLARK, Judge. Can a physician sued for negligence in a
wrongful death action based upon his prescribing and ad-
ministering drugs implead under third-party procedure the
pharmaceutical manufacturer on the theory of breach of the
implied warranty of safety and fitness for use? That ques-
tion is here presented for decision under the following facts:

The husband and minor children of Alice Shatley brought
an action under our wrongful death statute against her
medical doctor for alleged negligence. The complaint alleges
that in the course of his treatment for a nervous disorder
he prescribed for his patient tranquilizer drugs known as
"Thorazine" (chemically known as clorpromazine Hydro-
chloride) and "Stelazine" (chemically known as trifluopera-
zine). Among the side effects of the use of these drugs is a
severe reduction in the number of white corpuscles of the
blood. Specifically it was alleged that the patient developed
such adverse reaction symptoms to the drugs which allowed
infection of the internal organs, but that defendant failed
to recognize, diagnose, and treat decedent for the decreasing
blood cell level and increasing infection but continued ad-
ministration of the drugs while knowing or having good
reason to know of its effects on the decedent's body.

Defendant answered the above complaint by a denial of
the allegations of negligence and contemporaneously filed a
third-party complaint containing three counts. Count I
named another physician as third-party defendant alleging
negligence and liability for contribution. Count II named

Smith, Kline & French Laboratories as third-party defendant alleging that concern to be the manufacturer of the drugs and that the latter "negligently failed to properly and adequately warn the public, physicians (including defendant) and others who were administering, prescribing and using said drugs that said drugs might be harmful and dangerous to the public" and that such negligent failure to warn "was the sole, proximate and direct cause" of decedent's death.

In Count III defendant as third-party plaintiff alleges that Smith, Kline & French impliedly warranted the drugs in question to be safe and fit for the use intended and that he, relying on said warranty, purchased and prescribed said drugs for his patients. In this count the doctor denies he was negligent and alleges if it is ultimately determined that his treatment and his prescribing of the subject drugs were the precipitating cause of the decedent's death and if plaintiffs recover of him therefor, then said drugs were not fit and safe for the use intended which is a breach of implied warranty to him. Accordingly, if he is found liable to plaintiffs Smith, Kline & French is liable to him for such amount as he may have to pay. Smith, Kline & French moved to dismiss Count III on the grounds that (1) it fails to state a claim for which relief can be granted and (2) there is no authority in law to permit the maintenance of the cause asserted in this court between these two parties.

1. *Code Ann.* § 81A-114 of the Georgia Civil Practice Act, which is patterned after Rule 14 of the Federal Rules of Civil Procedure, gives a defendant authority to implead a party who is or may be liable to him for all or part of the plaintiff's claim against him.

Appellant has succinctly stated the issue to be: "Is a third-party complaint predicated solely on the theory of breached warrantly legally cognizable in an instance where damages are sought of the original defendant and third party plaintiff on account of the contended wrongful death of a human being?"

Appellant eloquently argues there was no right of action at common law for wrongful death of a human being and

since our statutes creating such right (*Code Ann.* § 105-1301 et seq.) derived from Lord Campbell's Act[1] they must be strictly construed. He points out that our statute uses the words "where the death of a human being results from a crime or from criminal or other negligence." Logically, he argues that the contended breach of implied warranty is outside the ambit of these words and therefore a ruling that would permit the alleged tortfeasor to implead the manufacturer should not be permitted because the result would be "to transmute not the *nature* of the damages awarded (for there would still be damages awarded for the wrongful death of a human being) but the *basis* of the award." In support of this contention he cites *Lovett v. Emory University,* 116 Ga. App. 277 (156 SE2d 923).[2] That opinion, however, does not in any fashion deal with third-party procedures and in no way limits the right of a party defendant to become a third-party plaintiff for enforcement of such legal rights as he might possess to establish liability over to him by a third-party defendant for all or part of the original plaintiff's recovery, whether by indemnity, subrogation, contribution, express or implied warranty.

"It is immaterial that the liability of the third-party rests on a different theory from that underlying plaintiff's claim." 3 Moore's Federal Practice (2d Ed.) § 14.10, p. 553. "No legal relationship between the plaintiff and the third-party defendant need be shown, and it is irrelevant to the defendant's right to bring in a third party claimed to be liable over to the defendant, that the plaintiff has no claim

---

[1]Fatal Accidents Act of 1846. 9 & 10 Vict. c. 93. Georgia's first wrongful homicide statute was enacted in 1857.

[2]*Lovett v. Emory University* ruled that furnishing of blood by a hospital in the course of treatment was not a sale transaction covered by an implied warranty under the Uniform Commercial Code. At the 1968 session of the General Assembly H. B. No. 1292 sought to amend *Code* § 109A-2—316 so as to change this but the Act did not become law because of veto. (Ga. L. 1968, p. 1892).

against the third party, or declines to assert a claim against him." (Emphasis supplied.) Id., p. 555.

"A third-party claim may be asserted . . . only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to defendant. The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." 6 Wright & Miller, Federal Practice and Procedure: Civil, § 1446, p. 246.

In the realm of third-party practice this court has wisely been as liberal as the writers of legal commentary and most Federal courts. This is evidenced by the holdings in *Koppers Co. v. Parks,* 120 Ga. App. 551 (171 SE2d 639) and *Ins. Co of North America v. Atlas Supply Co.,* 121 Ga. App. 1, 4 (172 SE2d 632) from which we have established that "The rule permits the impleading of a third party who is secondarily liable over to the defendant for all or part of plaintiff's recovery, whether by indemnity, subrogation, contribution, express or implied warranty, or otherwise."

In *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587) upon which appellant relies in contending that the physician-defendant here is seeking to effect a substitution of parties defendant, it was held that a third-party complaint cannot stand where its only purpose is to tender a substitute defendant to plaintiff, because, in the words of the statute, the third-party defendant must be one "who is or may be liable to him [the third-party plaintiff] for all or part of the plaintiff's claim against him." The third-party complaint in that case having alleged that the third-party defendant's negligence was the sole proximate cause of the plaintiff's injuries, this court correctly held that the third-party defendant's motions to dismiss should have been granted. Also see *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236) and *Whitehead v. Central of Ga. R. Co.,* 126 Ga. App. 407.

2. "[I]mpleader is proper only when a right to relief exists under the applicable substantive law." Wright & Miller, Federal Practice and Procedure: Civil § 1446, p. 248. Geor-

gia recognizes a cause of action for breach of implied warranty. Whether the third-party plaintiff in the present case can show show a breach of implied warranty to which he was a beneficiary remains to be proven. But a claim has nevertheless been stated.

The trial court did not err in denying the motion to dismiss Count III of the third-party complaint.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ON MOTION FOR REHEARING.

Appellant contends the foregoing opinion overlooked the recent decision of *Shell v. Watts,* 125 Ga. App. 542 (188 SE2d 269) wherein an attempt to make a husband a third-party-defendant in a suit in which the wife was plaintiff in violation of the legal doctrine of marital immunity was held impermissible because one cannot do indirectly that which the law does not allow done directly. Appellant contends the court now is in essence permitting plaintiffs (indirectly) to sue third-party-defendant, Smith, Kline & French Laboratories, for wrongful death when this court's rationale in *Lovett v. Emory University,* 116 Ga. App. 277 (156 SE2d 923) would forbid this being done (directly). Emphasis is placed upon that portion of the *Lovett* opinion which reads: ". . . a wrongful death action is one in tort strictly limited to death caused by a crime or negligence, except with respect to the sale of specified articles intended for human consumption or use, where either knowledge of the defect or negligence by the seller is an essential element." P. 280.

Such contention fails for three reasons. The first is that *Lovett v. Emory University* involving a hospital furnishing blood for transfusion held the right to sue in wrongful death did not give rise to a right to sue for breach of warranty under the particular facts of that case, namely a petition which sounded in tort but contained no allegations of a crime or negligence to support the action directly under the provisions of Chapter 105-13 of the Code, or indirectly under Chapter 105-11 of the Code, even assuming that a blood transfusion is a sale of goods cognizable under the Uniform Commercial Code or otherwise.

Secondly, because of a misconception arising out of the word "warranty," which to many has a contractual connotation, it is frequently overlooked that this court pointed out in *Wood v. Hub Motor Co.,* 110 Ga. App. 101, 104 (137 SE2d 674), that "The statutory implied warranty is 'an obligation that the law places on a party as a result of some transaction entered into'; it is not a contractual obligation." Thus this court recently stated in *Firestone Tire &c. Co. v. Jackson Transp. Co.* 126 Ga. App., 471 that "Georgia has in effect treated the implied warranty as a creature of statute, sui generis."

Thirdly—and most important in the instant case—is the nature of the third-party procedure. Appellee's initial brief provided for us an analysis of *Code Ann.* § 81A-114 as construed in the leading case of *Koppers Co. v. Parks,* 120 Ga. App. 551 (171 SE2d 639). It was so well done that we regard quotation therefrom as being appropriate: "The specific principles applicable to Georgia Code Annotated Section 81A-114 are as follows: (1) The complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. (2) The third-party complaint must be based on the same subject matter as the original complaint. (3) Section 81A-114 is procedural only, and neither creates nor abridges the substantive rights of a litigant. (4) The liability alleged on the part of the third-party defendant cannot run only to the original plaintiff. (5) Secondary liability to the original defendant is required if a third-party complaint is to meet the requirements of 81A-114. (6) That secondary liability can be by way of indemnity, subrogation, contribution, *express or implied warranty,* or otherwise. (7) The allegations of the third-party complaint need not show that recovery is a certainty, but need only state a cause of action, and meet the other requirements set out hereinabove."

These principles were followed in *Ins. Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1, 4 (172 SE2d 632) with the additional instruction that "A court should liberally construe the impleader provisions to avoid multiplicity of ac-

tions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues."

An additional directive comes from *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587) which forbids use of the third-party procedure to provide a substitute defendant in the absence of indemnity, subrogation, contribution, warranty and the like. In accord are *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236) and *Whitehead v. Central of Ga. R. Co.,* 126 Ga. App. 407.

It clearly appears that the instant third-party action by the defendant physician complies with all of the principles of third-party procedure and the cases herein cited.

*Rehearing denied.*