### 51099. KAYE v. SAINT FRANCIS BUDGET STORES, INC. et al.

QUILLIAN, Judge.
Saint Francis Budget Stores, Inc. brought an action to recover damages in the amount of $8,335 and punitive damages for $3,000 for the wrongful removal of personal property owned by Saint Francis from certain premises in which Saint Francis claims it had been granted the right to store the personal property. The complaint alleged that the defendant Beck Company acting pursuant to the defendant Kaye's direction caused the plaintiff's property to be removed from the premises without judicial process and without prior notice to the plaintiff.

The defendant Kaye denied liability under the complaint and brought a third party complaint against the Massell Companies alleging that the premises were purchased from Massell by Kaye and that Massell failed to notify Kaye that Saint Francis had the right to store goods on the premises. Furthermore, it was alleged that at the time of closing Massell executed an affidavit which

stated: "That there are neither pending suits, judgments, bankruptcies or executions against said owner, nor any liens for past due taxes, assessments or encumbrances, that could in any way affect the title to said property or constitute a lien thereon: None." It was therefore set forth in the third party complaint that by reason of these facts and by operation of law if the defendants should be found to be liable to the plaintiff based on the allegations of the complaint, then the third party defendant should be liable to the defendants. Third party defendant Massell's answer denied the material allegations of the complaint and that the claim by Saint Francis to the property was a lien or encumbrance upon the property. Massell also set out that the third party complaint failed to set forth a claim upon which relief could be granted and filed a motion to dismiss asserting that the third party complaint alleges a different legal theory from that alleged in the plaintiff's main complaint.

The trial judge dismissed the third party complaint after a hearing on the motion to dismiss and directed that a final judgment be entered on the third party complaint in favor of the third party defendant pursuant to CPA § 54 (b) (Code Ann. § 81A-154 (b); Ga. L. 1966, pp. 609, 658). Appeal was taken to this court. *Held:*

1. "It is immaterial that the liability of the third party rests on a different theory from that underlying plaintiff's claim. Forms of action are of no consequence. . . and a third party claim may be based on negligence although the main claim sounds in contract, or vice versa." 3 Moore's Federal Practice 14-284, § 14.10. The third party complaint in this case was not subject to dismissal because it might have raised some legal theory different from that set forth in the main complaint. "Where a single group or aggregate of operative facts is involved, impleader should be allowed despite a difference in the legal nature of the claims of the various parties." *Ins. Co. of North America v. Atlas &c. Co.,* 121 Ga. App. 1, 4 (172 SE2d 632).

2. "The allegations of the third party complaint need not show that recovery is a certainty; the complaint should be allowed to stand if, under some construction of the facts which might be adduced at trial, recovery would

be possible." *Koppers Co. v. Parks,* 120 Ga. App. 551, 554 (171 SE2d 639), citing 3 Moore's Federal Practice 554 (now 14-285), § 14.10.

The third party complaint here did not establish positively that the plaintiff's rights constituted an encumbrance on the property, neither did it establish precisely what right the third party defendant owed the third party plaintiff as to notification. However, the third party complaint in no way showed as a matter of law that the third party plaintiff had no right to recover or that there was no legal theory on which recovery could be predicated. In such circumstances it was not proper to grant a motion to dismiss the third party complaint.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 7, 1975.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Robert S. Jones,* for appellant.

*Paul E. Presley, Fine & Block, Sturgis G. Bates, III,* for appellees.