### 59009. DORSEY HEATING & AIR CONDITIONING COMPANY, INC. et al. v. C. C. DICKSON, INC.

CARLEY, Judge.

Plaintiff-appellee Dickson Inc. brought suit in two counts against appellant-defendant Dorsey Inc. on open account and against Dorsey and the accommodation parties on a promissory note. Dorsey Inc. and the other defendants answered, denying the material allegations of the complaint. Appellants also filed a third-party complaint against James Archer, Paul Dorsey and the

Oconee State Bank, alleging that they "unlawfully conspired to deprive [Dorsey Inc.] of its business assets, resulting in the issuance of an immediate writ of possession against [Dorsey Inc.]" which in turn "resulted in the complete and total inability of [Dorsey Inc.] to function in any capacity until dissolution of said writ, rendering [Dorsey Inc.] incapable of performing its obligations and resulting in a great loss of assets to [Dorsey Inc.] and a great additional liability to the other third party plaintiffs . . ." On these allegations, Dorsey Inc. and the other appellants sought the joint and several liability of the third-party defendants "for any and all damages that may arise as the result of [Dorsey Inc.'s] inability to conduct business, specifically including, although not by way of limitation, any liability which may be found in favor of [Dickson Inc.] and against [Dorsey and the other appellants]."

The third-party defendants moved to dismiss the third-party complaint. This motion was granted. The case proceeded to trial, resulting in a verdict and judgment against Dorsey Inc. and the other appellants. They appeal, enumerating as error only the dismissal of their third-party complaint.

1. The motion to dismiss the appeal is denied. Cf. *Von Waldner v. Baldwin/Cheshire, Inc.,* 133 Ga. App. 23 (209 SE2d 715) (1974).

2. It was not error to dismiss the third-party conspiracy action as it did not constitute an attempt to render the third-party defendants secondarily liable for the primary claims against Dorsey Inc. *Stein v. Burgamy,* 150 Ga. App. 860 (2) (258 SE2d 684) (1979). It sought the direct liability of the third-party defendants to Dorsey Inc. on its claim of conspiracy to destroy its business. "[Appellants'] recovery against [the third-party defendants for conspiracy] in no wise depends on [Dickson Inc.'s] recovery against [appellants on open account and on the note.] . . . [I]f [appellants] could successfully defend against the main action . . . it would be possible for [them] to recover from [the third-party defendants] for [conspiracy.] While that result may be proper in a counterclaim context, it is impermissible in third-party practice." *Wolski v. Hayes,* 144 Ga. App. 180, 182 (240

SE2d 720) (1977). "Third-party pleading does not allow a defendant to implead a third-party defendant to recover on a claim on which the third-party defendant is alleged to be directly liable to the defendant. The defendant may only implead one 'who is or may be liable to him for all or part of the plaintiff's claim against him.' [Cits.]" *Southern R. Co. v. Ins. Co. of N. A.*, 228 Ga. 23, 31 (183 SE2d 912) (1971). " '[Code Ann. § 81A-114] is not a device for bringing into an action any controversy which may happen to have some relationship with it.' " *Mathews v. McConnell*, 124 Ga. App. 519, 521 (184 SE2d 491) (1971).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED FEBRUARY 26, 1980.

*David W. Griffeth*, for appellants.
*James E. McDonald, Jr.*, for appellee.