71330. KNAPP et al. v. LOLLEY et al.

(341 SE2d 306)

CARLEY, Judge.

The eleven-year-old daughter of Woodrow and Janis Lolley died in an automobile collision. She had been a passenger in a car which was owned by Glenda Knapp and driven by Denise Knapp. Janis Lolley hired attorney Staples and his firm, Dupree and Staples, P. C., to represent her with regard to her daughter's death. Staples negotiated a settlement with the Knapps' insurance carrier in the amount of the policy limits. The insurer transmitted a draft and a release, each of which named both Woodrow and Janis Lolley. The subsequently negotiated check and signed release were returned to the insurer, each bearing the purported signatures of both Janis and Woodrow Lolley.

In fact, Janis Lolley had signed both names herself.

Woodrow Lolley subsequently filed a wrongful death suit against the Knapps. The Knapps pleaded the defense of release as to this suit and also impleaded Janis Lolley, attorney Staples, and his law firm, asserting their secondary liability for all or part of any recovery by Woodrow Lolley in his main action for wrongful death. The Knapps' third-party complaint was based upon the fact that Mr. Lolley's purported signature had been placed on the negotiated settlement check and release. Motions to dismiss were filed by all of the third-party defendants. The trial court ruled that the claim asserted in the third-party complaint was predicated upon the separate and independent, rather than secondary or derivative, liability of the third-party defendants. The trial court therefore dismissed the third-party complaint for failure to state a claim upon which relief could be granted and finalized its order pursuant to OCGA § 9-11-54 (b). The Knapps (hereafter referred to as "appellants") appeal the dismissal of their third-party complaint against Janis Lolley, attorney Staples, and his law firm (hereafter referred to as "appellees").

OCGA § 9-11-14 (a) allows a defendant to become a third-party plaintiff by bringing into the action a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." The third-party defendant's secondary liability to the original defendant for his liability on the main claim is required if a third-party complaint is to meet the statutory requirements. *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720) (1977); *Smith, Kline & French Labs. v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972); *Koppers Co. v. Parks*, 120 Ga. App. 551 (171 SE2d 639) (1969).

The instant third-party complaint does not contain allegations that appellees are secondarily liable *for the negligence vel non of appellants*, which liability underlies the main action. Instead, the allegations are that, as the result of appellees' post-collision actions, appellants might not be afforded an anticipated *affirmative defense to a claim* based upon that negligence. " 'It is immaterial that the liability of the third-party rests on *a different theory* from that underlying plaintiff's claim.' [Cit.]" (Emphasis supplied.) *Smith, Kline & French Labs. v. Just*, supra at 646. However, our impleader provision does not allow a defendant "to bring in a third party for the purpose of enforcing a liability against the latter *different* from that on which the plaintiff is proceeding in an action at law." (Emphasis supplied.) *Martin Mgt. Corp. v. Farner*, 124 Ga. App. 552 (1) (184 SE2d 597) (1971). Impleader is " 'not a device for bringing into an action any controversy which may happen to have some relationship with it.' . . . [A] defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the

third-party all or part of the liability asserted against the defendant (but not to tender the third party as a substitute defendant). [Cit.]" *Mathews v. McConnell*, 124 Ga. App. 519, 521 (184 SE2d 491) (1971). See also *Cohen v. McLaughlin*, 250 Ga. 661, 662 (1) (301 SE2d 37) (1983). The instant third-party complaint alleges separate and independent causes of action for *post-collision damages to appellants* resulting from appellees' alleged fraud, breach of contract, and negligence. Such liability on the part of appellees is not dependent upon the outcome of the main claim against appellants for negligent wrongful death. If otherwise viable, any such claims possessed by appellants against appellees will exist regardless of the outcome of the main action. Accordingly, the trial court was correct in dismissing the third-party complaint.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 12, 1986.

*Thomas D. Harper*, for appellants.
*Robert E. Martin, David S. Marotte, John W. Jonap, A. Paul Cadenhead*, for appellees.