77725. OWENS v. CITIZENS TRUST BANK et al.
(379 SE2d 594)

Benham, Judge.

Citizens Trust Bank's complaint against appellant alleged that she executed a note in favor of the Housing Authority of the City of Atlanta, secured by a deed to secure debt; that the note and deed were assigned to the bank; that appellant rescinded the note for violations of the Truth in Lending Act; that the bank acceded to the rescission by executing a quitclaim deed to appellant with regard to the property securing the note and then demanding repayment of the money received by appellant; and that appellant, having never intended to return the money, failed to do so. Appellant answered and counterclaimed and asserted a third-party claim against four individuals she alleged were involved in the home improvements for which the money was borrowed. The third-party claims were based on allegations of breach of contract, negligence, racketeering, breach of fiduciary duty, and fraud. In response to the bank's motion to strike the third-party complaint, the trial court dismissed the third-party complaint without prejudice.

1. Appellant's contention that the bank lacks standing to seek dismissal of the third-party action is controlled adversely to her by OCGA § 9-11-14 (a): "Any party may move to strike the third-party claim. . . ."

2. The only discernible relation between the main action and the third-party action is that the third-party defendants are alleged to have wrongfully deprived appellant of the funds the bank is seeking in its suit. There are no allegations in the third-party claim, however, that the third-party defendants are secondarily liable for appellant's debt to the bank. "[O]ur impleader provision does not allow a defendant 'to bring in a third party for the purpose of enforcing a liability against the latter *different* from that on which the plaintiff is proceeding in an action at law.' [Cit.] Impleader is 'not a device for bringing into an action any controversy which may happen to have some relationship with it. A defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant (but not to tender the third party as a substitute defendant).' [Cits.] The instant third-party complaint alleges separate and independent causes of action for . . . damages to [appellant] resulting from [the third-party defendants'] alleged fraud,

breach of contract, . . . negligence [,and other wrongdoing.] Such liability on the part of [the third-party defendants] is not dependent upon the outcome of the main claim against [appellant on the debt]. If otherwise viable, any such claims possessed by [appellant] against [the third-party defendants] will exist regardless of the outcome of the main action. Accordingly, the trial court was correct in dismissing the third-party complaint." *Knapp v. Lolley*, 177 Ga. App. 786, 787 (341 SE2d 306) (1986).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1989.

*King, Morris, Talansky & Witcher, Joseph H. King, Jr.*, for appellant.

*Leslie J. Bryan, June D. Green, Richard D. Ellenberg*, for appellees.