### 77560. MICHAELS et al. v. KESSLER et al.
(381 SE2d 103)

CARLEY, Chief Judge.

Ed Albright brought suit against appellant-defendants, seeking to recover on three promissory notes. Appellants subsequently filed a third-party action against appellee-third-party defendants. The trial court first granted a motion to sever and then granted a motion to dismiss appellants' third-party action. Although the trial court's orders left Albright's main action against appellants pending, it directed the entry of final judgment pursuant to OCGA § 9-11-54 (b) and appellants have appealed the rulings of the trial court which were adverse to them.

1. The trial court's granting of the motion to sever the third-party action is enumerated as error.

"Under [OCGA § 9-11-42 (b)] the court has a broad discretion in the matter of granting a motion for severance of a third-party claim . . . for trial separately from that on the main issue, and that discretion will not be interfered with unless it appears to have been abused. [Cit.]" *Southern Concrete Co. v. Carter Constr. Co.*, 121 Ga. App. 573, 575 (3) (174 SE2d 447) (1970). We find no reversible error in the trial court's granting of the motion for severance. See generally *Parks v. Consolidated Freightways*, 187 Ga. App. 576, 577 (1) (370 SE2d 827) (1988).

2. The dismissal of appellants' third-party action is enumerated as error.

"Impleader is ' "not a device for bringing into an action any controversy which may happen to have some relationship with it." . . . (A) defendant connot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to *pass on* to the third-party all or part of the liability asserted against the defendant (but not to tender the third party as a substitute defendant). [Cit.]' [Cits.]" (Emphasis supplied.) *Knapp v. Lolley*, 177 Ga. App. 786, 787-788 (341 SE2d 306) (1986).

In Count I of their third-party complaint, appellants sought enforcement of an *independent* promise to be repaid such funds as they had advanced to appellee Aegean Atlanta Associates, Ltd. (Aegean). That those funds advanced by appellants to Aegean may represent the proceeds of the promissory notes which they executed in favor of Albright shows only that Count I of appellants' third-party claim

against appellees arose out of the same general set of facts as the main claim against appellants. It does not show that appellants' third-party claim is in any way dependent upon the outcome of the main action against them. Appellees' liability, if any, to repay funds advanced to Aegean by appellants is separate and in no way dependent upon appellants' liability, if any, to repay such funds as they borrowed from Albright. If appellants were otherwise entitled to prevail, they could recover on the claim attempted to be asserted in their third-party complaint against appellees even if Albright did not recover against appellants in the main action. The trial court did not err in dismissing Count I of the third-party complaint which sought to enforce a direct liability owed to appellants rather than a secondary liability for all or part of the main claim on the promissory notes. See *Knapp v. Lolley*, supra; *Dorsey Heating &c. Co. v. C. C. Dickson, Inc.*, 153 Ga. App. 599, 600 (2) (266 SE2d 282) (1980); *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720) (1977).

The remaining counts of appellants' third-party complaint likewise fail to allege appellees' secondary liability for the liability on the promissory notes being asserted against appellants in the main action. There was no error in dismissing these remaining counts of the third-party action.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent to Division 2 of the majority's opinion affirming the trial court's dismissal of Count I of the third-party complaint filed by appellants Michaels, McClain and Emmco Northside, Inc., on the basis that it asserted claims that were separate and distinct from the claims alleged in Albright's complaint against appellants. OCGA § 9-11-14 (a) provides that "after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who *is or may be liable* to him for all or part of the plaintiff's claim against him." (Emphasis supplied.) "The underlying philosophy or rationale of [OCGA § 9-11-14] is found in [OCGA § 9-11-1], which provides that '(t)he provisions of this Title shall be construed to secure the *just, speedy,* and *inexpensive* determination of every action.' . . . In expounding this policy, our courts have held that the impleader provisions are to be *liberally* construed to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues. [Cits.]" (Emphasis in original.) *McMichael v. Ga. Power Co.*, 133 Ga. App. 593, 594-596 (211 SE2d 632) (1974).

In my opinion, the majority's holding results from an overly restrictive construction of third-party complaints in OCGA § 9-11-14 and fails to uphold the policy of our courts to apply liberally the provisions of the CPA. See generally *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984). Liberally construing the third-party pleadings in the case at bar, appellants have alleged that they, along with Albright and the third-party defendants, engaged in a series of complex negotiations to purchase the property constituting Aegean's main asset. The negotiations proceeded in the shadow of pressing financial concerns related to the loans securing the subject property. Appellants alleged that Emmco was formed to purchase the interests held by the limited partners in Aegean on behalf of Albright, the individual appellants and certain others not involved in this appeal. After an oral agreement was reached with the limited partners but as foreclosure was threatened by Aegean's creditor, Albright agreed to provide funds to pay Aegean's outstanding debts. According to appellants, all the parties were fully aware that the monies, which are now the subject of Albright's suit against appellants, were funded by Albright to protect the property as negotiations continued with the limited partners. Subsequently, appellants discovered that the limited partners had entered into an agreement with another party regarding the sale of the property and refused to acknowledge that the sales proceeds could be used by Aegean to repay the funds appellants had obtained from Albright to pay Aegean's obligations, despite the fact that the expenditure of those funds had increased the property's value. That agreement was blocked by Aegean's general partners and this litigation shortly ensued.

In Count I of their third-party complaint, appellants asserted that the monies obtained from Albright were used for the benefit of Aegean and that appellants acted "in good faith with the understanding and expectation that such funds would be repaid by Aegean," thereby claiming that "in the event [appellants] are found liable to [Albright] *for any sums due* under the three notes as set forth in the Complaint, *then [Aegean] is liable* to them for such amounts." (Emphasis supplied.) Appellants are not asserting a claim against the third-party defendants which "just happened" to have some relationship with the main claim. Appellants are attempting to pass on to the third-party defendants all or part of the liability asserted against them by Albright. Thus the situation in *Knapp v. Lolley*, 177 Ga. App. 786 (341 SE2d 306) (1986), cited by the majority, in which the plaintiff filed a damage claim against the defendants (based on wrongful death in an automobile collision) who in turn impled several parties for post-collision damages (based on those parties' forgery of the plaintiff's signature on a release document), is inapposite to the case sub judice. Rather, appellants seek to recover sums paid out for

the benefit of the third-party defendants should appellants be found liable to the plaintiff who provided the sums. Although the facts of the case sub judice, when fully developed, might have revealed, as the majority asserts, that the third-party claim is not dependent upon the outcome of the main claim, " ' "[t]he allegations of the third-party complaint need not show that recovery is a certainty; the complaint should be allowed to stand if, under some construction of the facts which might be adduced at trial, recovery would be possible." . . .' [Cits.]" *McMichael*, supra at 595-596 (2). Since secondary liability can be established by way of indemnity, subrogation, contribution, express or implied warranty, "and 'the like,' " id. at 594, see also *Smith, Kline & French Lab. v. Just*, 126 Ga. App. 643, 649 (191 SE2d 632) (1972), and since appellants " '*may*' " establish a right under the facts above to enforce the same liability against the third-party defendants as is being asserted against appellants in the main case, *Mc-Michael*, supra; *Knapp*, supra at 787, appellants' third-party action can be maintained under OCGA § 9-11-14 (a). *McMichael*, supra at 595 (1).

Therefore, giving a liberal construction to appellants' third-party pleadings, see *Benson Paint Co. v. Williams Constr. Co.*, 128 Ga. App. 47, 49 (1) (195 SE2d 671) (1973), I would find that the trial court erred by granting the limited partners' motion to dismiss appellants' third-party complaint insofar as Count I of that complaint is concerned.

DECIDED MARCH 17, 1989 —
REHEARING DENIED March 29, 1989 —

*Johnson & Montgomery, Harmon W. Caldwell, Jr., Harry W. MacDougald*, for appellants.

*Powell, Goldstein, Frazer & Murphy, William G. Leonard*, for appellees.