A91A0714. BOWDEN et al. v. RUSSELL et al.
(407 SE2d 467)

ANDREWS, Judge.

Bowden and others, as trustees for BancBoston Financial Company, were granted the right to bring this interlocutory appeal from the trial court's denial of BancBoston's motion to dismiss the third-party complaint brought against it by Nancy and Jeff Russell.

After The Russell Corporation failed to pay for petroleum products sold and delivered to it by Phibro Energy, Inc., Phibro sued Nancy and Jeff Russell on the guaranty agreement by which the Russells personally guaranteed the debt owed by The Russell Corporation to Phibro. The Russells filed a third-party complaint against BancBoston claiming that The Russell Corporation's failure to pay Phibro, which triggered the Russells' liability under the guaranty agreement, was caused by BancBoston's breach of an agreement to lend money to The Russell Corporation for use in its business operations.

In its motion to dismiss the third-party complaint, and now on appeal, BancBoston argues that: (1) under OCGA § 9-11-14 (a), it is not "a party to the action who is or may be liable to [the Russells] for all or part of [Phibro's] claim against [them]"; (2) the Russells have no standing to assert the claims they make in the third-party complaint on behalf of The Russell Corporation.

1. The third-party complaint states a separate and independent claim based on BancBoston's alleged liability for breach of a lending agreement with The Russell Corporation, rather than a claim based on BancBoston's secondary liability for all or part of any recovery by Phibro under the Russells' guaranty of the debt at issue in the main action. Under OCGA § 9-11-14 (a), a defendant may bring a third-party complaint only against one "who is or may be liable to him for all or part of the plaintiff's claim against him." The alleged liability of BancBoston for breach of an independent lending agreement with The Russell Corporation is not dependent upon the outcome of the main action on the debt owed to Phibro and guaranteed by the Russells. *Michaels v. Kessler*, 191 Ga. App. 103, 104 (381 SE2d 103) (1989); *Owens v. Citizens Trust Bank*, 190 Ga. App. 501, 502 (379 SE2d 594) (1989). The third-party complaint here is not an attempt by the Russells to pass onto BancBoston all or part of the unpaid petroleum bill asserted against them by Phibro, but states a separate and complex lender liability claim for the wrongful termination by BancBoston of a lending arrangement and withdrawal of credit, involving not only The Russell Corporation's account with Phibro, but the company's entire business operation. "A defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant (but not to tender the third-party as a substitute defendant)." (Citations and punctuation omitted.) *Knapp v. Lolley*, 177 Ga. App. 786, 787-788 (341 SE2d 306) (1986).

2. Moreover, the Russells unconditionally guaranteed the debt of The Russell Corporation, and, according to the terms of the guaranty, "promise[d] to pay all such sums due the Guaranteed Companies promptly on demand, without deduction for any claim or set-off or counterclaim (whether made by or on behalf of [The Russell Corporation] or Guarantor). . . ." Having agreed to this contractual language, the Russells waived any right to assert defenses or claims of The Russell Corporation in discharge of the guaranty, and therefore lacked standing to pursue a third-party complaint on behalf of the corporation. See *Bobbitt v. Firestone Tire &c. Co.*, 158 Ga. App. 580, 581 (281 SE2d 324) (1981); *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (216 SE2d 651) (1975).

For the above reasons, the trial court erred by denying BancBoston's motion to dismiss the third-party complaint.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 27, 1991.

*Trotter, Smith & Jacobs, Kenneth L. Millwood, Scott K. Tippett,* for appellants.

*Holt, Ney, Zatcoff & Wasserman, David S. O'Quinn, Decker & Hallman, James B. Johnson, Jr.,* for appellees.