## A91A1687. QUALITY FORD SALES, INC. v. GREENE.
(410 SE2d 389)

McMurray, Presiding Judge.

Ford Motor Credit Company filed an action against Greene for non-payment of a debt arising from a vehicle retail installment contract. Greene filed a third-party complaint alleging that third-party defendant Quality Ford Sales, Inc., induced the execution of the contract, upon which the main action is predicated, by misrepresentations or nondisclosure of material facts. The third-party action states claims predicated on theories of fraud, fraud in the inducement, and invasion of privacy. This interlocutory appeal is taken from the state court's denial of Quality Ford Sales, Inc.'s motion to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. *Held*:

Third-party defendant Quality Ford Sales, Inc. contends that the third-party complaint is procedurally improper because it fails to meet the requirements of OCGA § 9-11-14 (a). "OCGA § 9-11-14 (a) allows a defendant to become a third-party plaintiff by bringing into the action a third-party defendant 'who is or may be liable to him for all or part of the plaintiff's claim against him.' The third-party defendant's secondary liability to the original defendant for his liability on the main claim is required if a third-party complaint is to meet the statutory requirements. *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720) (1977); *Smith, Kline & French Labs. v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972); *Koppers Co. v. Parks*, 120 Ga. App. 551 (171 SE2d 639) (1969). . . . ' "It is immaterial that the liability of the third-party rests on *a different theory* from that underlying plaintiff's claim." (Cit.)' (Emphasis supplied.) *Smith, Kline & French Labs. v. Just*, [126 Ga. App. 643, 646, supra]. However, our impleader provision does not allow a defendant 'to bring in a third-party for the purpose of enforcing a liability against the latter *different* from that on which the plaintiff is proceeding in an action at law.' (Emphasis supplied.) *Martin Mgt. Corp. v. Farner*, 124 Ga. App. 552 (1) (184 SE2d 597) (1971). Impleader is ' "not a device for bringing into an action any controversy which may happen to have some relationship with it." . . . (A) defendant cannot assert an entirely separate claim

against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant (but not to tender the third party as a substitute defendant). (Cit.)' *Mathews v. McConnell*, 124 Ga. App. 519, 521 (184 SE2d 491) (1971). See also *Cohen v. McLaughlin*, 250 Ga. 661, 662 (1) (301 SE2d 37) (1983)." *Knapp v. Lolley*, 177 Ga. App. 786, 787 (341 SE2d 306) (1986). "Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like. [Cits.]" *Burroughs Corp. v. Outside Carpets*, 127 Ga. App. 622, 623 (2) (194 SE2d 487).

In the case sub judice, the third-party complaint alleges separate and independent causes of action which are not dependent upon the outcome of the main claim against defendant Greene on the debt. If otherwise viable, the claims stated in the third-party complaint will exist regardless of the outcome in the main action. The only connection between the main claim and the third-party action is that the third-party defendant is alleged to have wrongfully deprived Greene of the money which plaintiff now seeks to collect. On similar facts, we held that there was no proper case for a third-party action in *Owens v. Citizens Trust Bank*, 190 Ga. App. 501 (2) (379 SE2d 594). The state court erred in denying the motion of third-party defendant Quality Ford Sales, Inc., to dismiss the third-party complaint.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1991.

*Bentley, Karesh, Seacrest & Labovitz, Gary L. Seacrest, Jeffrey P. Raasch*, for appellant.

*Ronald S. Iddins, Daniel F. Bridgers*, for appellee.