UNITED STATES of America for the Use and Benefit of Louis RICCI, doing business as State Road Construction Company, Plaintiff,

v.

RUSSELL CONSTRUCTION CO., Inc., Defendant.

COLUMBIA CASUALTY COMPANY, Defendant and Third-Party Plaintiff,

v.

SECOND NATIONAL BANK OF NEW HAVEN, Third-Party Defendant.

Civ. No. 9807.

United States District Court
D. Connecticut.

Dec. 30, 1965.

———◆———

Anthony G. Apicella, New Haven, Conn., Garber & Apicella, for plaintiff.

David E. FitzGerald, New Haven, Conn., for defendant Russell Const. Co. and defendant and third party plaintiff Columbia Cas. Co.

Donald F. Keefe, New Haven, Conn., Gumbart, Corbin, Tyler & Cooper, for third party defendant bank.

ZAMPANO, District Judge.

In the main action, the use-plaintiff Ricci, as a subcontractor and materialman, is suing the general contractor, Russell Construction Co., Inc., and Russell's surety, the Columbia Casualty Company, for materials and services rendered in the amount of $15,000.00. Jurisdiction is conferred by 40 U.S.C. § 270a et seq., commonly designated as the Miller Act.

On or about June 27, 1958, the defendant Russell entered into a contract with the United States for the construction of sewerage facilities at certain Nike sites within the State of Connecticut. Russell, in turn, subcontracted part of the work to Ricci. There being an unpaid balance due, Ricci instituted this suit on May 7, 1963, against Russell and its surety, Columbia Casualty.

Shortly after it executed the contract with the government, Russell, in order to secure certain loans, assigned all monies due it from the government to the Second National Bank of New Haven. Subsequently Russell defaulted on its obligations under the contract. The government thereupon terminated the contract and proceeded to complete the work

and offset the cost of completion against the monies already earned by Russell, leaving a balance due Russell of $7,-237.22.

Since Russell was substantially indebted to both its surety, Columbia Casualty, and its assignee, the Bank, it was agreed that the government would disburse the $7,237.22 in the form of a check payable jointly to Columbia Casualty and the Bank, pending a determination between them of priority rights to the fund.

The Bank, on December 13, 1960, instituted an action against Columbia Casualty in this Court to determine the priority rights to the fund. On June 24, 1965, the Court, Blumenfeld, J., dismissed the suit, sua sponte, for lack of jurisdictional amount. On August 19, 1965, Columbia Casualty filed its third party complaint against the Bank in this action, praying judgment to the fund of $7,237.22.

The use-plaintiff Ricci and the Bank move this Court to dismiss the third party complaint on the ground it was improvidently filed under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

█ The rule is a procedural device which enables a defendant to bring into an action a new party "who is or may be liable to him for all or part of the plaintiff's claim against him." A court should liberally construe the impleader provisions to avoid multiplicity of actions, to save the time and cost of a reduplication of evidence and to assure consistent results from similar evidence and common issues. Agrashell, Inc. v. Bernard Sirotta Company, 344 F.2d 583, 585 (2 Cir. 1965); 3 Moore, Federal Practice, § 14.04, at 501 (1964); James, Civil Procedure, § 10.20, at 505 (1965).

█ Here it is apparent, however, that the operative facts which give rise to the use-plaintiff's claim are entirely independent and disparate from the transactions which are determinative of the third party action. Cf Dery v. Wyer,

265 F.2d 804, 807 (2 Cir. 1959). The main action is a typical Miller Act case for services rendered and materials supplied; the third party action, in equity, involves the question whether the defendant surety is estopped from asserting against the Bank its superior rights to the fund. These separate claims will require dissimilar and disconnected evidence. Regardless of the outcome of the principal action, the competing interests in the fund must be resolved.

It is true, as the surety argues, that if both the surety and the use-plaintiff succeed, the surety may use the fund to satisfy in part the use-plaintiff's judgment. However, this tenuous thread linking the two actions is not sufficient to support the policy considerations underlying Rule 14. See, 3 Moore, supra, § 14.05; Railey v. Southern Railway Company, 31 F.R.D. 519 (1963).

Accordingly, the motion to dismiss the third party complaint is granted.