Carroll DUNHAM, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 11572.

United States District Court
D. Connecticut.

April 28, 1967.

Arthur C. Williams, Williams, Smith & Runyon, Bridgeport, Conn., for plaintiff.

Jon O. Newman, U. S. Atty., and Samuel J. Heyman, Asst. U. S. Atty., New Haven, Conn., for defendant.

RULING ON DEFENDANT'S MOTION TO IMPLEAD THE SECOND NATIONAL BANK OF NEW HAVEN

ZAMPANO, District Judge.

This is an action for refund of tax paid pursuant to a penalty assessment under the provisions of 26 U.S.C. §§ 6671(a) and 6672. The assessment arose out of the failure of J. A. Otterbein, Inc., a bankrupt corporation, to pay $10,987.89 in taxes withheld from the wages of its employees. The penalty assessment was made against the plaintiff on the ground that he, as vice-president and treasurer of the corporation, willfully failed to collect and pay over the withheld taxes. The plaintiff made a partial payment of the assessment and instituted this action to determine his liability under the Internal Revenue Code.

**170**

Plaintiff contends that the corporation issued to the defendant certain checks in full payment of the taxes due. He claims, however, that the corporation's bank, The Second National Bank of New Haven, improperly dishonored these payments and that, under these circumstances, the assessment against him was illegal and void.

On February 17, 1967, the government made an assessment against the bank for the unpaid taxes based upon the same authority as the assessment against the plaintiff. The government now moves to implead the bank, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, claiming that the facts and legal issues in both actions are similar. The plaintiff opposes the motion on the ground the government's claim against the bank is completely different and unrelated to the issues in the main suit.

▮ Rule 14(a) is a procedural device which enables a defendant to bring into an action a new party "who is or may be liable to him for all or part of the plaintiff's claim against him." A court should liberally construe the impleader provision to avoid multiplicity of actions, to save the time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues. Agrashell, Inc. v. Bernard Sirotta Company, 344 F.2d 583, 585 (2 Cir. 1965); 3 Moore, Federal Practice, ¶ 14.04, at 501 (1966); United States v. Russell Construction Co., 38 F.R.D. 467, 468 (D.Conn.1965). Where a single group or aggregate of operative facts is involved, impleader should be allowed despite a difference in the legal nature of the claims of the various parties. Dery v. Wyer, 265 F.2d 804 (2 Cir. 1959).

▮ In the instant case there appears to be a serious question as to whether the government's claim against the bank arises out of the same operative facts as those in issue in the main suit. Ethengain v. Hook, 242 F.Supp. 700, 701 (E.D.Pa.1965). However, on the basis of the government's representations and the still undeveloped record before the Court, it is consistent with better practice to grant the motion to implead the bank. If later development of the case discloses that the facts which give rise to the plaintiff's claim are independent and disparate from the transactions which are determinative of the third party action, the Court will entertain an appropriate motion of the bank to dismiss or it may order separate trials to avoid confusion or prejudice. United States v. Yellow Cab Co., 340 U.S. 543, 555–556, 71 S.Ct. 399, 95 L.Ed. 523 (1951); 3 Moore, Federal Practice, ¶ 14.05[1], at 506 (1966).

Accordingly, defendant's motion is granted.