44830.  INSURANCE COMPANY OF NORTH AMERICA
et al. v. ATLAS SUPPLY COMPANY.
44803, 44829.  CITIZENS BANK OF ALPHARETTA v.
ATLAS SUPPLY COMPANY et al.; and vice versa.

ARGUED OCTOBER 6, 1969—DECIDED JANUARY 7, 1970.

*Wall & Campbell, Alford Wall, Parker & Parker, Richard L. Parker, Grizzard, Jones, Parker & Simons,* for Citizens Bank of Alpharetta.

*Wendell C. Lindsey,* for Atlas Supply.

*Swift, Currie, McGhee & Hiers, Albert E. Phillips, Clayton H. Farnham, Boling & Neville, Leon Boling,* for Ins. Co. of N. A.

BELL, Chief Judge. ■ Case No. 44830. The material facts are not in dispute. The controlling fact is that plaintiff is an unpaid materialman who is protected by the bond upon which this action is based. See *Code Ann.* §§ 23-1705, 23-1708. The agreement between Collett, Barnett, and Atlas Supply to issue the checks jointly and the fact that Barnett's bank accepted, deposited and negotiated the checks issued by defendant Collett without plaintiff's indorsement will not operate as payment so as to discharge defendants' obligation under the bond as contended by them. See *Code Ann.* § 23-1705 et seq. While this agreement or arrangement for payment of plaintiff was obviously designed to avoid the circumstance which has caused this litigation, it did not do so, and the fact of nonpayment of a materialman authorizes plaintiff's recovery on the bond. As there is no factual dispute, plaintiff is entitled to judgment as a matter of law.

■ Case No. 44803. Third party defendant bank moved to dismiss the third-party complaint alleging that it failed to

state a claim upon which relief can be granted. The trial court denied the motion. The material allegations of the third-party complaint set forth the pending claim of plaintiff; the issuance of the checks payable jointly to plaintiff and Barnett in an amount in excess of the sum sued for by plaintiff; and that third party defendant accepted, paid, and transferred these checks without the indorsement of plaintiff. Third-party defendant bank contends on appeal that it is a stranger to the transaction which gives rise to plaintiff's claim against defendant, viz. the sale of the supplies and the payment bond. Section 14 (a) of the Civil Practice Act authorizes a defendant to implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." *Code Ann.* § 81A-114 (a). It is in substance identical to Rule 14 (a) of the Federal Rules of Civil Procedure. The rule permits the impleading of a third party who is secondarily liable over to the defendant for all or part of plaintiff's recovery, whether by indemnity, subrogation contribution, express or implied warranty, or otherwise. *Koppers Co. v. Parks*, 120 Ga. App. 551 (171 SE2d 639) ; 1A Barron & Holtzoff, Federal Practice & Procedure (1960 Rules Edition) p. 664, § 426; 6 Cyclopedia of Federal Procedure (1966 Revision) p. 79, § 17.09. Where a single group or aggregate of operative facts is involved, impleader should be allowed despite a difference in the legal nature of the claims of the various parties. Dunham v. U. S., 42 F.R.D. 169; Dyer v. Wyer, 265 F2d 804. A court should liberally construe the impleader provisions to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues. Dunham v. U. S., supra. The real issue against the defendants, as we view it, is whether under the factual background the third-party defendant bank is secondarily liable in whole or part for plaintiff's claim, so as to come within the rule itself. The bank has admitted it accepted, paid, deposited to Barnett's account, and transferred the checks without plaintiff's indorsement. The third party complaint alleges that the third party defendant bank's failure to require plaintiff's indorsement on the checks constitutes a "breach of duty, contract, and warranty" and is

the cause of any liability they may have to plaintiff. The checks as drawn constituted an order by the third-party plaintiff to pay the checks to the named payees jointly. Notwithstanding these explicit written instructions, the defendant bank paid the checks to one indorsee only. The Citizens Bank in this setting occupied the role of both a depository bank and a collecting bank. *Code Ann.* § 109A-4—105 (a) and (d). As a collecting bank it made a warranty to the "payor bank or other payor who in good faith pays or accepts the item that (a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title." *Code Ann.* § 109A-4—207 (1) (a). An instrument payable to joint payees must be indorsed by all of them. *Code Ann.* § 109A-3—116. The defendant bank by accepting the checks and depositing them in its depositor's (Barnett's) account without the indorsement of the co-payee, breached its statutory warranty that it had good title to checks or was authorized to obtain payment or acceptance on behalf of one who has a good title. This warranty runs to a payor bank and "other payor." The defendant Collett as drawer of the checks and whose account was debited by his bank is a payor who can claim the benefit of this warranty. Accordingly, the third-party complaint comes within our procedural rule and sets forth a claim against defendant bank upon which relief can be granted. As the Citizens Bank has admitted that it accepted, deposited, and paid the checks without plaintiff's indorsement, there is no genuine issue of material fact. The grant of summary judgment for third-party plaintiffs was therefore proper and the trial court's denial of third-party defendant's motion to dismiss and its motion for summary judgment was also correct.

■ The trial court's order granting summary judgment for third-party plaintiffs included an award for monetary damages but did not include an award for attorney's fees as claimed. The court's order in part states "the movants having stated in open court that the claim for attorney's fees is, insofar as the subject motion is concerned, not insisted upon." The trial court in denying third-party defendant's motion for summary judgment included in its order a denial of the bank's motion to strike

6

the third-party complainant's allegation relating to attorney's fees. This denial of the motion to strike is enumerated as error. As we are affirming the summary judgment in favor of third-party plaintiffs and in view of the fact that the claim for attorney's fees was not insisted upon by the movants and is not included in the damages awarded in the court's order, any error in the denial of the motion to strike would be harmless.

■ Case No. 44829. In this case the third-party defendant bank again argues for affirmance of the orders granting its motion to dismiss and for judgment on the pleadings as to plaintiff's claim against it, on the ground that plaintiff's original claim against the defendant is based upon a transaction to which the bank is a total stranger. *Code Ann.* § 81A-114 states in part, "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." As noted in Division 1 above, the subject matter of plaintiff's claim against the defendants/third-party plaintiffs is the non-payment for materials furnished by it to Barnett, the subcontractor. The nonpayment has arisen by virtue of the bank's cashing the three checks involved without plaintiff's indorsement as co-payee.

Plaintiff's claim against the third-party defendant, in our view, arises out of the transaction or occurrence that is the subject matter of plaintiff's original claim against third-party plaintiff and is within the above quoted portion of Section 14a of the Civil Practice Act.

No Georgia case has been cited to us, and our research has disclosed no case, where a co-payee of a check has sought recovery from a collecting or cashing bank based upon the bank's failure to secure the indorsement of one of the co-payees. This situation has, however, been considered by other jurisdictions. The Appellate Court of Illinois in U. S. Fidelity &c. Co. v. Peoples National Bank, 24 Ill. App. 2d 275 (164 NE2d 497), held that a *damaged payee* has a cause of action against a cashing bank for damages sustained where the cashing bank fails to obtain the indorsements of all co-payees on a check. The Supreme Court of Utah in Pacific Metals Co. v. Tracy-Collins

Bank &c. Co., 21 Utah 2d 400 (446 P2d 303), reached the same result. The holdings in these two cases are based upon sound reason and we therefore adopt the view that the cashing bank is liable in damages to the plaintiff for the bank's failure to obtain plaintiff's indorsement on the checks involved. It was error to grant third-party defendant bank's motion to dismiss and for judgment on the pleadings. As the bank has admitted accepting and paying these checks without the plaintiff's indorsement and, while plaintiff may only have a single recovery of his damages, the plaintiff is entitled to judgment on its claim against the bank and the plaintiff's motion for summary judgment should have been granted. As our holding merely goes to the question of liability to plaintiff, this case No. 44829 is remanded to the court below for resolution of the issue of the amount of damages owed to plaintiff.

*Judgments affirmed in Nos. 44830 and 44803. Judgment reversed in Case No. 44829 with direction to enter judgment for plaintiff as to liability and remanded for determination of the issue of damages. Eberhardt and Deen, JJ., concur.*