50902. BISHOP v. GEORGIA BAPTIST HOSPITAL et al.

MARSHALL, Judge.

This appeal presents a question as to the ownership of funds recovered by a third-party plaintiff from a third-party defendant. Do they belong to the third-party

plaintiff or to the original plaintiff?

The facts are undisputed. Georgia Baptist Hospital originally brought suit against Bishop for hospital expenses and services rendered to his wife, in the amount of $835.06, plus interest and costs. Bishop admitted the liability and consented to judgment in favor of the hospital for that amount. Bishop, however, felt his group insurance policy covered the expenses and filed a third-party complaint against that insurer, Mutual Life Insurance Co. of New York. The insurer contested coverage but lost this issue in a jury trial which was affirmed by this court in *Mutual Life Ins. Co. v. Bishop*, 132 Ga. App. 816 (209 SE2d 223). The insurer then paid $878.90 into the registry of the trial court. The marshal of the trial court sent the full amount to Bishop. Bishop's attorney kept $414 and sent a check for the remainder to the hospital. The hospital refused the check contending it was entitled to the full amount, and moved for a rule nisi to have Bishop pay the full amount ($878.90) back into the registry of the court. The trial judge ordered Bishop to pay the full amount into the court for the benefit of the hospital, from which order Bishop appeals. *Held:*

The question appears to be one of first impression in Georgia and involves examination of the nature of the third party practice under CPA § 14 (Code Ann. § 81A-114 (a)). That section provides, in relevant part: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Bishop impleaded his insurer on the grounds that the latter was liable to him for all of the hospital's claim. Bishop's third-party complaint states: "Third-party defendant [insurer] is obligated to pay the indebtedness of defendant Bishop to plaintiff in the sum of $835.06 pursuant to the terms and conditions of the group certificate of insurance. . ." There is no question that this sentence properly impleaded the insurer and was not an attempt to substitute a new party defendant. *Balkcom v. Mull,* 129 Ga. App. 277, 278 (199 SE2d 346); *Whitehead*

*v. Central of Ga. R. Co.*, 126 Ga. App. 407, 408 (190 SE2d 794); *Smith, Kline & French Lab. v. Just*, 126 Ga. App. 643, 649 (191 SE2d 632); 3 Moore's Federal Practice, §§ 14.04, 14.15.

Once impleaded, any sums the insurer owed to Bishop were in turn owed by Bishop to the hospital, because both complaints were based on the same subject matter—the payment of hospital expenses of Bishop's wife. The funds were paid by the insurer into the registry of the court for the benefit of the original plaintiff, the hospital, in whose favor judgment had already been rendered. To hold otherwise would require the hospital to seek other funds or assets of its judgment debtor, Bishop, to satisfy the very claim which the insurance proceeds were paid to satisfy. Such results would frustrate the purpose of the impleader provisions of the CPA which seeks "to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues." *Ins. Co. of North America v. Atlas &c. Co.*, 121 Ga. App. 1, 4 (172 SE2d 632).

The marshal of the trial court erroneously paid out the insurance proceeds to Bishop's attorney and the trial court did not err in ordering that they be repaid into the registry of the court for the benefit of the hospital.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 15, 1975 — DECIDED NOVEMBER 10, 1975.

*Scott Walters, Jr.,* for appellant.
*Gershon & Ruden, Isadore Ruden, Jeffrey R. Nickerson,* for appellees.