## 55280. ROSWELL BANK v. IDEAL POOL CORPORATION.

BELL, Chief Judge.

Plaintiff, Ideal Pool, brought suit to recover proceeds of a check on which it was a co-payee with a third party. It was alleged in the complaint that defendant paid the entire amount of the check to the other co-payee, based on the latter's endorsement. Defendant denied liability and raised several defenses, one of which was that plaintiff was estopped by its own conduct from claiming any interest in the check. The case was tried by the court. It made findings of fact and conclusions of law that plaintiff was entitled to the entire proceeds and a judgment was entered accordingly. *Held:*

1. It was not disputed that a check in the amount of $1,500, made payable to the plaintiff and a third party, Aquatic Industries, was cashed by the defendant bank with only the endorsement of Aquatic and the latter received the amount of the check. In support of its proof of damages, plaintiff's president testified as to a loan agreement between plaintiff and Aquatic Industries, the other co-payee on the check in question. According to this arrangement, Aquatic Industries agreed to purchase all swimming pool equipment and materials from plaintiff in return for plaintiff's loan in the amount of $5,000. Plaintiff also introduced evidence to show that plaintiff had obtained a judgment against Aquatic Industries arising out of the loan agreement for $5,170.73. This evidence was admitted over the objection that it was irrelevant to show what part, if any, of this check plaintiff was entitled. The testimony and the documentary evidence was relevant as it established that plaintiff was owed a sum by the other co-payee in excess of the face amount of the check. This was competent proof of damages caused to plaintiff by defendant's failure to obtain plaintiff's endorsement before giving the proceeds to the co-payee.

2. The trial court found as a fact that plaintiff was not estopped by the conduct of its president subsequent to the payment of the check. This finding was authorized by the evidence.

3. All other findings of fact were authorized by the evidence and support the conclusion that plaintiff was damaged by defendant's failure to obtain the plaintiff's endorsement and that its damages amounted to the entire amount of the check. *Insurance Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (172 SE2d 632).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED MARCH 17, 1978.

*Richard Alan Gordon, Maurice H. Hillard, Jr.,* for appellant.

*David U. Crosby,* for appellee.