## 57586. ATLANTA IBM EMPLOYEES FEDERAL CREDIT UNION v. TRUST COMPANY BANK et al.

DEEN, Chief Judge.

On February 2, 1976, appellant credit union approved a loan to Linnie O. Norton, an IBM employee and member of the credit union, for $5,000 to purchase a used automobile. Norton in turn executed a promissory note and conveyed a purchase money security interest in the vehicle. Appellant drew its check for $5,000 on the First National Bank of Atlanta payable to Norton and Stewart Avenue Chrysler-Plymouth as joint payees. On February 3, 1976, however, Norton alone endorsed the check and deposited it in his checking account at Trust Company Bank. The check was subsequently transferred in the collecting process to First National, the drawee bank, which paid the check and charged the credit union's account without Stewart Avenue's endorsement. In March, 1977, Norton ceased making regular payments on his loan and in July 1977, the credit union declared the loan in default. When the credit union decided to repossess the automobile it discovered that Norton's loan file did not contain a certificate of title for the automobile, and upon checking the canceled check, it discovered the missing endorsement. Appellant immediately contacted First National and made demand for the $5,000 less the total of loan payments received from Norton. First National in turn made demand upon Trust Company. Both banks ultimately denied liability. The credit union brings this appeal after a non-jury trial in the State Court of Fulton County which entered judgment in favor of the banks. *Held:*

The trial court recognized that under *Insurance Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (172 SE2d 632) (1970), that appellant is a "good faith payor" or "other payor" who may claim the benefit of the warranties

provided in Code Ann. § 109A-4—207 (1), but held that appellant failed to exercise reasonable care to examine its canceled checks and bank statements promptly upon their receipt and to notify the drawee bank of any missing endorsements. As a result, appellant's claim for breach of warranty was asserted more than one year after appellant could have or should have learned of the breach. Therefore, the court ruled that appellant's claim for breach of warranty was not made within a reasonable time after learning of the breach as required by Code Ann. § 109A-4—207 (4).

" '[I]t is the maker's exclusive privilege to designate the payees of his checks; and it is not the prerogative of one who accepts and pays it to question whether the maker had sufficient reason for doing so. However, in accepting the check, it is his duty to comply with the direction of the maker to "pay to the order of" the named payees. It is elementary negotiable instruments law that in order to fulfill that requirement all payees must endorse.' [Cit.]" *Trust Co. v. Refrigeration Supplies,* 241 Ga. 406, 408 (246 SE2d 282) (1978). In the present case, appellant did not have any duty to check for missing endorsements. Under Uniform Commercial Code § 4-406 (Code Ann. § 109A-4—406), a bank customer has a duty to discover and report an unauthorized signature or alteration and notify the bank promptly after such a discovery, but a customer is not required to check for missing endorsements. Phoenix Assurance Co. v. Davis, 126 N. J. Super. 379 (314 A2d 615) (1974). The record shows that appellant notified First National of the missing endorsement the day after it was discovered and therefore satisfied the "reasonable time" requirement of Code Ann. § 109A-4—207 (4).

Accordingly, appellant was entitled to a judgment as a matter of law and the trial court erred in entering a judgment in favor of the appellees.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 7, 1979 —

*Muriel A. Masarek,* for appellant.
*Michael N. Mantegna,* for appellees.