70303. FIRST UNITED BANK OF MISSISSIPPI v. FIRST NATIONAL BANK OF ATLANTA.
(332 SE2d 309)

BANKE, Chief Judge.

We are called upon in this case to decide whether the collection by an out-of-state bank, through normal banking channels, of a check drawn on a Georgia bank constitutes the transaction of business in this state so as to subject the out-of-state bank to the jurisdiction of the Georgia courts in a suit alleging that the check was paid on an improper endorsement.

The following facts appear without dispute from the record and the briefs submitted on appeal. The check was drawn on the First Georgia Bank by one Carl E. Sanders in the amount of $25,000 and was made payable to Scales Petroleum Company. It was subsequently endorsed by T. C. Scales and deposited with the appellant, First United Bank of Mississippi. First United forwarded it for collection to another Mississippi bank, which in turn forwarded it to the appellee, First National Bank of Atlanta, which in turn forwarded it to First Georgia Bank for payment. First Georgia paid the check but then, several months later, brought suit against First National, contending that the instrument had been paid on an improper endorsement. First National then filed a third-party complaint against the appellant, First United, asserting personal jurisdiction pursuant to this state's long-arm statute, OCGA § 9-10-91. The trial court denied First United's motion to dismiss for lack of personal jurisdiction, and we granted its application for an interlocutory appeal. *Held*:

"Under our Long Arm Statute, jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident [defendant] has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973). In determining the reach of our long-arm statute, the Georgia Supreme Court has adopted the premise that the statute

allows jurisdiction to be exercised over nonresident parties "to the maximum extent permitted by procedural due process." *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399) (1973).

In denying the appellant's motion to dismiss for lack of jurisdiction, the trial court relied on *J. C. Penney Co. v. Malouf Co.*, 230 Ga. 140, 143 (196 SE2d 145) (1973), and *Patron Aviation v. Teledyne Indus.*, 154 Ga. App. 13 (1) (267 SE2d 274) (1980), which held that a nonresident manufacturer's shipment to Georgia of merchandise covered by a warranty-indemnity agreement placed the merchandise in the stream of Georgia commerce and amounted to the transaction of business in this state within the meaning of OCGA § 9-10-91 (1). The appellant contends that these cases are inapposite in that a check is not a manufactured commodity which is capable of causing injury if defective. However, we agree with the trial court that the reasoning on which the two cases were based is applicable to the situation before us.

Pursuant to the UCC, the appellant warranted both that it had good title to the check and that it was authorized to collect it, OCGA § 11-4-207 (2); and in accepting the check and routing it for collection, it must be presumed to have acted with knowledge that payment would ultimately be made in Georgia, this being the location of the drawee bank. Given the fact that the appellant is a commercial entity which presumably collects such instruments for its customers routinely as part of its normal banking functions, we do not believe that traditional notions of justice and fair play are offended by requiring it to answer for the alleged breach of these warranties in this state, any more than such traditional notions of justice and fair play are offended by requiring an out-of-state manufacturer to answer in this state for injuries caused here by a defect in one of its products. We also note that to decline to permit the exercise of long-arm jurisdiction in a case such as the one before us would be to frustrate the remedial purposes behind the impleader provisions of our CPA, which seek to avoid multiplicity of actions, save time and cost of reduplication of evidence, and assure consistent results from similar evidence and common issues. See *Bishop v. Ga. Baptist Hosp.*, 136 Ga. App. 507, 509 (221 SE2d 682) (1975); *Ins. Co. of North America v. Atlas Supply Co.*, 121 Ga. App. 1, 4 (172 SE2d 632) (1970). For these reasons we hold that the trial court did not err in denying First United's motion to dismiss.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur. Benham, J., disqualified.*

DECIDED MAY 8, 1985 —
REHEARING DENIED MAY 31, 1985 — 

*Harmon W. Caldwell, Jr.*, for appellant.
*W. Christopher Bracken III, Herbert D. Shellhouse, William G. McDaniel*, for appellee.